United States District Court
District of Massachusetts

| | | |
|---|---|---|
| **Arthur Lima Vieira Milhomem,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**David Wesling, et al.,**<br><br>**Respondents.** | ) | **Civil Action No. 26-13292-NMG** |

**MEMORANDUM AND ORDER**

**GORTON, J.**

In his petition for writ of habeas corpus (Docket No. 1), petitioner Arthur Lima Vieira Milhomem ("Milhomem" or "petitioner") contends that he is being detained by Antone Moniz and other named respondents ("respondents") in violation of his rights under the Fifth Amendment to the United States Constitution. He avers that at his bond hearing, the Immigration Judge ("IJ") failed to afford him due process when the IJ found that Milhomem was a danger to the community and denied his request for bond. For the reasons that follow, the petition will be allowed.

## I. Background

Milhomem is a native and citizen of Brazil who has lived in the United States for nearly 12 years. On June 27, 2026, Milhomem was arrested by Massachusetts State Police for

operating a motor vehicle under the influence of alcohol ("OUI"). Two days later, after his arraignment in state court, Milhomem was arrested by United States Immigration and Customs Enforcement ("ICE") and placed in removal proceedings for overstaying his B-2 non-immigrant visa.

The same day he was arrested, Milhomem filed his first petition for writ of habeas corpus with this Court. Vieira Milhomem v. Wesling, et al., 1:26-cv-12974-NMG, Dkt. No. 1 (June 29, 2026). The Court found that Milhomem had not requested a bond hearing from the Department of Homeland Security ("DHS") and denied his petition, without prejudice, for failure exhaust administrative remedies. Id. at Dkt. No. 7. Milhomem has since requested, and received, a bond hearing.

At that hearing, the government erroneously presented the criminal record of an unrelated third party. The government acknowledged the error and the IJ struck the evidence from the record. The government then presented evidence of petitioner's OUI arrest and a police report indicating that he had been driving with a blood alcohol content ("BAC") of .19%, over twice the legal limit. The government also presented evidence of prior citations for driving on a suspended license and for driving with an expired inspection sticker. The IJ found that petitioner was a danger to the community based upon his motor vehicle infractions and denied bond.

## II. Petition for Writ of Habeas Corpus

Milhomem asserts that the government failed to show by clear and convincing evidence that he presented a danger to the community under Hernandez-Lara v. Lyons, 10 F.4th 19, 25-42 (1st Cir. 2021). He argues that the IJ improperly relied on uncorroborated police reports, did not engage with any evidence favoring release and failed to consider alternatives to detention. In response, the government contends that the petition must be dismissed because: 1) petitioner failed to exhaust administrative remedies, 2) the Court has no jurisdiction to review the decision of the IJ and 3) ICE demonstrated Milhomem's dangerousness by clear and convincing evidence.

### A. Exhaustion

The government argues that the Court should deny the petition because Milhomem has failed to exhaust his administrative remedies by appealing the denial of bond to the Board of Immigration Appeals ("BIA"). As the government acknowledges, this Court has found exhaustion unnecessary in cases involving continued detention throughout lengthy BIA appeals. See Carela v. Wesling, No. CV 26-12873-NMG, 2026 WL 2085501, at *1 (D. Mass. July 17, 2026). Because this case deals with precisely the same issues as those present in Carela, the Court likewise will not require exhaustion.

**B. Jurisdiction**

The government argues that review of the IJ decision in this case is barred by 8 U.S.C. §1226(e). That provision does indeed insulate an IJ's discretionary decision but it does not preclude an alien from challenging the constitutionality of his or her detention. Hernandez-Lara, 10 F.4th at 33-34. As explained in Carela, the Court may issue habeas relief only if the IJ's denial of bond was so arbitrary that no reasonable IJ could have come to the same conclusion. Carela, 2026 WL 2085501, at *2; see also Miti v. Moniz, 827 F. Supp. 3d 206, 217 (D. Mass. 2026).

**C. Merits**

The Court now turns to the merits of Milhomem's petition. He contends that the IJ improperly relied upon the uncorroborated OUI police report and that, more generally, the entire proceeding was rendered unreliable by the accidental inclusion of the police record of an unrelated third party. Milhomem also asserts that the IJ failed to consider meaningfully any evidence favoring release or alternatives to detention.

With respect to the first argument, the Court concludes that the IJ did not improperly rely upon the OUI police report. While an IJ may not give substantial weight to an uncorroborated police report, it may nonetheless rely on such a report when

making a discretionary decision. Rosa v. Garland, 114 F.4th 1, 16-17 (1st Cir. 2024). At the bond hearing, the government introduced evidence of 1) a police report detailing petitioner's OUI arrest, including his BAC of .19%, 2) a citation for driving on a suspended license and 3) a citation for driving with an expired inspection sticker. The IJ relied upon the totality of those driving offenses in determining dangerousness and expressly struck all unrelated evidence inadvertently introduced into the proceeding. Moreover, the record shows that the IJ meaningfully considered all evidence presented by the parties, including evidence in favor of release. Exhibit 1 at 21:20-21:50.

Conversely, the Court agrees with Milhomem that the IJ improperly failed to consider alternatives to detention. While the First Circuit Court of Appeals has not ruled on the issue, other sessions of this district court have recognized a due process right to consideration of alternatives to detention in the context of 8 U.S.C. §1226(a) bond hearings. See Costa v. McDonald, No. 25-CV-13469-AK, 2026 WL 371198, at *3 (D. Mass. Feb. 10, 2026); De Leon Garcia v. Blanche, et al., 26-cv-12568-LTS, Dkt. No. 11 (D. Mass. June 18, 2026). The record in this case makes clear that the IJ did not consider alternatives to detention, and the Court concludes that such failure was a

violation of Milhomem's due process rights under the Fifth Amendment to the United States Constitution.

As for a remedy, Milhomem requests either immediate release or remand to the immigration court for a new bond hearing before a different IJ. The Court agrees that remand is the appropriate remedy in this case but declines to require that such new hearing be held before a different IJ.

**ORDER**

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED.** The Court directs that Arthur Lima Vieira Milhomem is to be released within seven days of the date of this order unless he is afforded a bond hearing that complies with all constitutional requirements, including but not limited to the requirement that the Immigration Judge consider alternatives to detention.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: August 18, 2026